In the Matter of the LAKE SECOR DEVELOPMENT Co., INC., Petitioner, for a Certiorari Order against BERNARD A. RUGE and Others, Constituting the Planning Board of the Town of Carmel, Putnam County, Respondents.

Supreme Court, Westchester County, May 7, 1931.

*Strang & Taylor,* for the petitioner.

*Willis H. Ryder,* for the respondents.

CLOSE, J. The petitioner herein is the owner of 138 acres of land on the west side of Lake Secor in the town of Carmel, Putnam county, N. Y. It prepared a subdivision map of this property which shows that the lots are approximately 20 feet in width by 100 feet in depth, and, including some reserved area, there are approximately some 2,000 lots shown on the map.

The town of Carmel has created a town planning board pur-

suant to sections 149-g to 149-s, inclusive, article 6-B, of the Town Law (added by Laws of 1927, chap. 175). The petitioners presented their map for approval to the planning board, and approval was refused upon grounds that may be summarized as follows: (a) Sufficiency, location, and marking of monuments; (b) insufficient park area; (c) rights of way to dock insufficient in width; (d) no provision for water supply; (e) lots of insufficient street frontage.

The section under which the planning board presumed to act reads as follows: " Before the approval of the planning board of a plat showing a new street or highway, such plat shall also in proper cases show a park or parks suitably located for playground or other recreation purposes. In approving such plats, the planning board shall require that the streets and highways shall be of sufficient width and suitably located to accommodate the prospective traffic and to afford adequate light, air and access of fire-fighting equipment to buildings, and to be coordinated so as to compose a convenient system; that the land shown on such plats shall be of such a character that it can be used for building purposes without danger to health; and that the parks shall be of reasonable size for neighborhood playgrounds or other recreation uses. In making such determination regarding streets, highways and parks, the planning board shall take into consideration the prospective character of the development, whether dense residence, open residence, business or industrial." (Town Law, § 149-n.)

It is apparent from the reading of the section referring to planning boards that the Legislature intended to give power to towns, if it so desired, to bring about uniform and harmonious development in the growth of the community. (*Village of Lynbrook* v. *Cadoo*, 252 N. Y. 308, 314.) There the court, in discussing the planning provisions in the Village Law which are substantially the same as in the Town Law, said: " Town planning is a new field of legislation, comparable with the recent development of zoning laws and regulations. Its purpose is to preserve through a governmental agency a uniform and harmonious development of the growth of a village and to prevent the individual owner from laying out streets according to his own sweet will without official approval."

The respondents, it seems to me, have gone beyond the authority intended to be vested in them by the plain wording of these sections of the Town Law prescribing their powers and duties. Section 149-n must be read in connection with the other sections pertaining to the creation of a planning board. It is the plain purpose of all the sections that the board should have power to determine within reasonable limits how the boundaries of any plat offered

for approval were to be marked and designated; to have power to determine the width of the streets, the number of the streets that they deem necessary, length of blocks, the area to be divided to park and recreational purposes, and whether the character of the land was such as could be used for building purposes without danger to health.

The court is now asked to read into this statute words to the effect that the planning board can compel, as a condition of its approval, the establishment of a water system. I am of the opinion that the words " character of the land " referred to in the statute mean whether or not it would be dangerous to health for building purposes in the condition that it is in when the plat is offered for approval. It is obvious that if land which was swamp or bog was subdivided for residential purposes and a map of it offered for approval, the planning board would have the power to reject such a plat under the plain language of this statute, but I do not believe that the Legislature intended to have the court read into the statute powers that it could have easily conferred upon the planning board if it so desired.

It has been held that the installation of sewers as a condition of approval by the city commission of a plat is valid (*Allen* v. *Stockwell*, 210 Mich. 488; 178 N. W. 27), but the city had power, it seems, under its charter to impose such a condition. (Pontiac City Charter, chap. 7, § 21; chap. 14, § 13; chap. 15, § 16.)

The demand of the planning board for additional park area is reasonable. The argument that " all Putnam County is a park " advanced by the petitioner is without merit. The apparent purpose of the petitioner is to establish a summer colony. It must dedicate to public use sufficient area to provide for the ultimate use to be made of this plat. It argues that the residents there can trespass upon other lands for recreational purposes. The mere statement of the proposition is its answer.

The provision requiring lots of not less than sixty feet in width is beyond the power of the commission. The Town Law, section 141-c,* provides how congestion can be controlled.

Decision of the planning commission modified by striking therefrom provisions requiring provision for water supply and requiring lots to be sixty feet in width, otherwise the decision is affirmed.

Settle order on notice.

* Formerly § 142-a; renum. § 141-c by Laws of 1929, chap. 62.— [REP.