In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Addition to Upland Park Bounded by Upland Park as Heretofore Acquired, Eighty-fifth (Glenn) Avenue, Chapin Parkway and Upland Parkway (Gothic Drive), in the Borough of Queens, City of New York. THE CITY OF NEW YORK and Others, Appellants: LENA BERNSTEIN and WILLIAM C. REID, Respondents.— Final decree, in so far as the same relates to awards made for damage parcels Nos. 1, 2 and 3, reversed on the law and the facts, without costs, and rehearing ordered. The court is of opinion that these awards are excessive, both as to the lands taken for damage parcels Nos. 1 and 2 and the consequential damage awarded for the taking of damage parcel No. 3. Upon such rehearing there should be a finding whether the award is considered on the basis of the existence as public streets of Chapin parkway, Gothic drive and Upland parkway, or otherwise. In determining this appeal we have not considered the affidavit on pages 56 to 61 of the record. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

In the Matter of the Application of LAKE SECOR DEVELOPMENT Co., INC., Respondent, for the Allowance of a Certiorari Order Directed to BERNARD A. RUGE and Others Constituting the Planning Board of the Town of Carmel in the County of Putnam, Appellants.— Order sustaining certiorari order and reversing the determination of the planning board affirmed, in so far as appealed from, with costs. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur. [141 Misc. 913.]

ROBERT KAHN, Appellant, v. SANDERS A. WERTHEIM, Respondent.— Order denying plaintiff's motion to require defendant to appear for examination to enable plaintiff to frame his complaint reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs; examination to proceed on five days' notice. The facts asserted by the plaintiff, standing undenied, require that he be permitted to examine the defendant so as to enable him to frame a complaint upon the theory, applicable to the facts, which he deems desirable. (*Teall* v. *Roeser*, 206 App. Div. 371; *Heye* v. *American Chemical Eduction Co.*, 185 id. 13.) Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.