WILLIAM L. SHERMAN et al., Plaintiffs, v. BERNARD J. LYNCH, Defendant.

Supreme Court, Special Term, New York County, October 13, 1949.

*Clarence W. Archibold* for defendant.

*H. Lewis Brown* for plaintiffs.

HOFSTADTER, J. The defendant moves to strike from the reply to his counterclaim a defense that there is an existing final judgment of this court on the merits determining the same cause of action.

The plaintiffs heretofore moved on an affidavit and supporting papers under rule 110 of the Rules of Civil Practice to dismiss

the counterclaim on the ground that the very judgment now referred to in the reply is an existing judgment determining the same cause of action. The plaintiffs' motion was denied by Mr. Justice GREENBERG who held that the prior action which resulted in the judgment relied on by the plaintiffs and the cause of action pleaded in the counterclaim "differ materially and essentially and different proof and evidence are required to sustain each." The order of Mr. Justice GREENBERG from which the plaintiffs have not appealed did not grant the plaintiffs leave to assert the plea of *res judicata* as a defense in their reply. The plaintiffs having set up the defense in their reply despite the absence of permission to do so, the defendant now moves to strike the defense from the reply because of the ruling adverse to the plaintiffs on their prior motion.

In my opinion, the defendant is correct in his position. The briefs before me treat rather fully the question when, if ever, an order on a motion is *res judicata.* The plaintiffs insist that under *Bannon* v. *Bannon* (270 N. Y. 484) only a final judgment on the merits can conclude the parties and that since the order on the plaintiffs' motion to dismiss the counterclaim was obviously not such a final judgment, nothing stands in the way of now pleading the defense which Mr. Justice GREENBERG has already held insufficient. I do not think the determination of the present motion hinges on the application of the principle of *res judicata.* What is here involved is merely compliance with the orderly procedure laid down in the Civil Practice Act and the Rules of Civil Practice.

The plaintiffs were under no compulsion to move to dismiss the counterclaim because of what they regarded as the conclusive effect of the prior judgment. They were free to set up the judgment in their reply and to tender that issue for trial in regular course. They chose, however, to adopt the alternative and to move under rule 110. I am persuaded that under the rules, after the denial of such a motion the defeated party may not, without the court's permission, set up the same facts as a defense in their reply. Rule 108 specifically provides that on the denial of such a motion addressed to the complaint the court "in its discretion may allow the same facts to be alleged in the answer as a defense." The concluding sentence of rule 110 makes rule 108 applicable to the determination of a motion under rule 110. The court very often grants permission to set up in a pleading an affirmative defense on the denial of a motion under one of these rules. Such permission has, however, not been given here.

Though no authority on the precise question has been brought to my attention, I think the system of pleading established by the rules requires a party to raise an objection of this kind by motion or pleading and when he unsuccessfully raises it by motion he may not thereafter raise the same objection by pleading without leave of the court. Otherwise the denial of his motion would be futile and the court's time in passing on it wasted.

The defense, as now pleaded, adds nothing new but is a mere amplification of the plaintiffs' claim that the earlier judgment concludes the issue here.

Accordingly, the motion to strike the first defense from the reply is granted, but without prejudice to an application by the plaintiffs for leave to plead this defense. Settle order.