Hugh S. Coyle, J.
In this article 78 proceeding, petitioner seeks the annulment of two conditions which the New Rochelle Board of Appeals imposed upon the issuance of a special use zoning permit.
Petitioner is the owner of Clifford Island in Echo Bay, New Rochelle. The island has been used for several decades as a Summer bungalow colony, and it is located in a residential zone where “ annual membership clubs, including * * * yacht and similar clubs ” may be operated upon issuance of a special use permit by the Board of Appeals.
Petitioner accordingly applied to the board for a yacht club permit, which was granted under several stated conditions. The first condition which petitioner challenges is a requirement that the bungalows, which will continue to be used for purposes of Summer rental, as heretofore, “be tied into a sewer main”. The cottages are presently connected to septic tanks.
Petitioner required no dispensation from the board to continue the rental of the bungalows, because the continued use of houses for purposes of one-family occupancy was a matter of strict right under the zoning ordinance.
All the proposed yacht club facilities must be connected with the sewer main, under provisions of the permit which petitioner does not challenge. Therefore, the existence of the yacht club will not increase the burden upon the existing septic tanks of the bungalow colony.
The board may not impose as a condition to the issuance of a special use permit, the installation of a facility which is unrelated to the special use which is applied for.
Petitioner informed the board, without dispute, that it would cost approximately $150,000 to connect the 46 bungalows with the sewer main because of the rocky character of the terrain, *679 whereas the present value of the bungalows is only $50,000, upon a basis of reproduction costs less depreciation.
The imposition of the condition that the bungalows be connected with a sewer main is annulled, as being beyond the power of the board.
The other challenged condition has to do with the personal conduct of the members and guests of the future yacht club. The text thereof states: ‘ ‘ The occupancy of boats between 9 PM and 7 AM is prohibited, except for short periods immediately prior to arrival and departure ’ ’.
There are several other yacht clubs in New Rochelle but none is subject to any such restrictions. At the very board meeting at which petitioner’s application was presented, the board entertained an application for another yacht club permit, which the board granted without imposing any conditions whatsoever except that “ compliance (be) made with all local and state laws and regulations governing building, health and safety ”.
The imposition of a 9:00 p.m. curfew is discriminatory as to the petitioner, and it is furthermore an unreasonable restriction upon normal yachting customs.
The legislative body of the city enacted into the zoning ordinance an elaborate set of regulations restricting the conduct and operation of membership clubs. (Column B of Schedule of District Regulations.) There is nothing therein which authorizes the board’s imposition of restrictions upon the hours of the day during which a yachtsman may be upon his boat. If such an unusual restriction is desirable it is a matter for legislative, not administrative, consideration, with due regard for the circumstance that the navigable waters of the United States are involved.
The power of the Board of Appeals to impose conditions upon the issuance of special use permits is derived from, and is limited by, the zoning ordinance and State law authorizing the creation of such board (General City Law, art. 5-A). The board does not exercise inherent power and is not a free agent. (De Ville Homes v. Michaelis, 201 N. Y. S. 2d 129, 130; Matter of Pearson v. Shoemaker, 25 Misc 2d 591; Matter of Vit-Al Bldg. Corp. v. Eccleston, 7 A D 2d 737 [2d Dept.]; Matter of Lake Secor Dev. Co. v. Ruge, 141 Misc. 913, affd. 235 App. Div. 627; Matter of Small v. Moss, 279 N. Y. 288, 297; Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 161; Matter of Lyons v. Prince, 281 N. Y. 557, 561.)
For the reasons stated above, the second condition is annulled.