Feahk S. McCullough, J.
This is an application for an order pursuant to article 78 of the Civil Practice Act directed to the Village Clerk-Administrator of the Village of Croton-on-Hudson, New York, the Village Engineer and Building Inspector of said village, and the members of the Planning Board of the Village of Croton-on-Hudson.
The petitioner is the owner of the premises known as the Van Wyck Shopping Center situated on the southerly side of Maple Avenue in the Village of Croton-on-Hudson (herein referred to as “ Croton”). There has been presently erected a shopping center consisting of a Brand Union supermarket and attached stores. The petitioner proposes to erect additional stores and offices. The premises are situated in an “ M B ZONE ” as designated in the Zoning Ordinance. This zone permits the erection of buildings and structures for retail stores, offices and business uses of the type and character described in the application for a building permit filed with the Village Clerk-Administrator of Croton and also the secretary of the Planning Board. At the time of filing a request was made to the Planning Board to act upon the application and report its findings to the Village Engineer and Building Inspector to the end that a permit would issue. The plans were filed with the Village Clerk-Administrator and secretary of the Planning Board on July 11, 1961. The petition alleges that at no time since the filing of the plans and application for site approval has the plan been either approved or rejected.
Section 179-k of the Village Law provides in part: “ The approval required by this section or the refusal to approve shall take place within forty-five days from and after the time of the submission of the plat or the proposed development thereof for approval; otherwise such plat or such proposed development shall be deemed to have been approved, and the certificate of the clerk of such village as to the date of the submission of the plat or the proposed development thereof for approval and the failure to take action thereon within such time, shall be issued on demand and shall be sufficient in lieu *265 of the written endorsement or other evidence of approval herein required.”
After the lapse of 45 days and on September 5, 1961 the petitioners filed an application for a building permit. The Village Clerk-Administrator has refused to certify the failure of the Planning Board to act. He acknowledged that the plans and request were filed on July 11, 1961.
It now appears that after the service of the order to show cause, the Village Engineer and Building Inspector issued a permit for the construction of the office building, pursuant to the petitioners’ application, dated August 28, 1961 and filed September 5, 1961. The petitioners state that this permit is unconditional and satisfactory to it and the request in the petition for an order in the nature of mandamus becomes academic. The petitioners allege however that the Village Engineers’s action was nevertheless prompted by the affirmative approval of the Planning Board given at its meeting of September 19, 1961 which was also held after the service of the order of show cause. The approval of the Planning Board carries with it certain conditions as to the issuance of a certificate of occupancy for the 15 new stores to be erected in the future. The conditional approval provides that no certificate of occupancy shall be issued to any one of the 15 stores unless the total paved area shown on the plat plan is fully completed and a full and complete drainage system installed upon the site. The petitioners contend in view of section 179-k of the Village Law that the failure to act constituted complete and unconditional approval of the plat plan and that petitioners thereby obtained a vested right which could not be modified, changed or attacked by any subsequent action of the Planning Board.
It might be well to repeat here the language of the Supreme Court of Michigan which in Robinson v. City of Bloomfield Hills (350 Mich. 425, 430-431) said: “In view of the frequency with which zoning cases are now appearing before this Court, we deem it expedient to point out again, in terms not susceptible of misconstruction, a fundamental principle: this Court does not sit as a superzoning commission. Our laws have wisely committed to the people of a community themselves the determination of their municipal destiny, the degree to which the industrial may have precedence over the residential, and the areas carved out of each to be devoted to commercial pursuits. With the wisdom or lack of wisdom of the determination we are not concerned. The people of the community, through their appropriate legislative body, and not the courts, govern its growth and its life. Let us state the proposition as clearly as *266 may be: It is not our function to approve the ordinance before us as to wisdom or desirability. For alleged abuses involving such factors the remedy is the ballot box, not the courts. We do not substitute our judgment for that of the legislative body charged with the duty and responsibility in the premises.”
Consequently it is not the duty of this court to determine as a question of fact whether the imposition of such conditions before a certificate of occupancy may issue is beneficial to the welfare of the community. That is a duty cast upon the governmental authorities of the village by law. The court need only decide whether the Planning Board may legally attach conditions in view of the provisions of section 179-k and whether by reason of such section the petitioner obtained vested rights which could not be modified or changed by any subsequent action of the Planning Board and whether the actions of the Village Clerk and City Engineer were in accordance with the law.
No court should construe a default statute in such a manner as to penalize the future and orderly growth of a community unless there is no other construction open. Development of communities on a planned and orderly basis is necessary, in this day and age, if a community is to exist for the benefit of its citizens of the area at large.
The court disagrees with the petitioner’s contention that the building permit “gave it vested rights ” under section 179-k of the Village Law, which prohibited attaching conditions to the certificates of occupancy for future units. Section 179-k of the Village Law must be read with section 179-1 of the Village Law (Matter of Levin, 2 A D 2d 774).
Section 179-1 reads in part as follows: In approving such plats the planning board shall require * * * that all streets or other public places shown on such plats shall be suitably graded and paved * * * and storm drains * * * shall be installed * * * or alternatively that a performance bond sufficient to cover the full cost of the same as estimated by the planning board or other appropriate village departments designated by the planning board shall be furnished to the village by the owner ’ ’.
After the order to show cause was served, the Village Engineer and Building Inspector issued a permit for the construction of the office building pursuant to the petitioner’s application, which permit was acceptable to the petitioner. The relief sought therefore in the nature of a mandamus directed to the Village Engineer is now academic. The determination herein can relate only to the general prayer for “ such other and further *267 and alternative relief as may be just ” and the issuance of the certificate under section 179-k of the Village Law.
The petitioner is entitled as a matter of law to an order directing the Village Clerk to issue his certificate pursuant to section 179-k of the Village Law. The 45-day limitation period begins with the filing of the plan with the Planning Board. The reason for a time limitation is obvious: the prevention of arbitrary and dilatory delay. Planning boards are clothed with great power, and should have corresponding responsibilities. The fact that they are not salaried members of government does not excuse or warrant delay, any more than if they received compensation. A failure to approve however does not ripen into vested rights of an all-inclusive nature and exempt the petitioner from other provisions of law and local requirements duly adopted.
The application is granted to the extent of directing the Village Clerk to issue the certificate under section 179-k and is in all other respects denied.