Joseph F. Gagliardi, J.
This is an article 78 proceeding to review a determination of the Planning Board of the Town of Carmel in Putnam County, disapproving a subdivision proposed for Canopus Island in Lake Mahopac which is located in the town. On the initial hearing, the court determined that the board’s return did not comply either with the second paragraph of section 282 of the Town Law or the provisions of the order to show cause and, consequently, directed that body to file an amended return in accordance with the mandate of section 1291 of the Civil Practice Act. Those directions have been complied with and also the court has received additional affidavits on behalf of the parties which are hereby made a part of the record in this matter.
The record discloses that in September of 1961, petitioner obtained title to this 44-acre island which is zoned for residential use, and in December, 1961, submitted what it refers to as a “ proposed subdivision map” to the Planning Board for approval. The board rejected this application on January 9, 1962, stating “ existing laws and regulations are not sufficiently comprehensive to afford consideration of your application at this time.” Following several conferences, discussions and exchanges of letters, this refusal was vacated, in effect, by the acceptance of petitioner’s application which thereafter was placed before the Planning Board and considered at a regular meeting on July 11, 1962. While there was some uncertainty at the outset of this article 78 proceeding concerning the date of the board’s determination disapproving the application (see initial return and prior decision), the board chairman in a supplemental affidavit concedes that “ under date of August 27, 1962, the Board made findings which stated reasons for rejection of the application.”
Respondents urge that this proceeding is not timely. Section 282 of the Town Law requires that “ [a]ny person * * * aggrieved by any decision of the planning board concerning such plat * * * may present to * * * the supreme court a petition * * * within thirty days after the filing of the decision in the office of the board.” A petition dated September 26, 1962, was presented to the Supreme Court and an order to show cause commencing this proceeding issued on that date. Clearly, this proceeding has been instituted within the required *3 time period. However, there is a more serious question — a period of 47 days elapsed from the time of the hearing, July 11, to the date of determination, August 27. Section 276 of the Town Law reads, in part, as follows: “ For the purpose of providing for the future growth and development of the town and affording adequate facilities for the housing, transportation, distribution, comfort, convenience, safety, health and welfare of its population, such town board may by resolution authorize and empower the planning board to approve plats showing lots, blocks or sites, with or without streets or highways, within that part of the town outside the limits of any incorporated city or village. For the same purposes and under the same conditions, the town board may, by resolution, authorize and empower the planning board to pass and approve the development of plats already filed in the office of the clerk of the county in which such plat is located if such plats are entirely or partially undeveloped. A public hearing shall be held by the planning board within thirty days after the time of submission of such plat for approval, which hearing shall be advertised in a newspaper of general circulation in such town of at least five days before such hearing. The planning board may thereupon approve, modify and approve, or disapprove such plat. The approval required by this section, or the refusal to approve, shall take place within forty-five days from and after the time of the hearing for the approval or disapproval of the plat. In the event that such hearing shall not be held, or that such plat shall not have been disapproved after such hearing, within the time prescribed therefor, such plat shall be deemed to have been approved, and the certificate of the clerk of such town as to the date of submission or hearing for the approval or disapproval of the plat, as the case may be, and the failure to take action thereon within such time, shall be issued on demand and shall be sufficient in lieu of the written endorsement or other evidence of approval herein required. The ground of refusal of any plat submitted shall be stated upon the records of such planning board.” (Emphasis supplied.)
Petitioner urges that this “ proposed subdivision plat ” must be deemed approved due to the failure of the board to observe the time requirements of section 276. The board contends that the 45-day limitation period is not involved since the ‘ ‘ submission ” here was for “ preliminary ” approval, rather than for any final action in accordance with the Land Subdivision Regulations for the Town of Carmel, adopted by the Planning Board and approved by the Town Board pursuant to the authority of section 272 of the Town Law.
*4 Section 276 of the Town Law is, in one aspect, a default statute since it grants approval to a plat subdivision by virtue of official inaction (Matter of Levin v. Thornbury, 2 A D 2d 774 [2d Dept.]). While this procedure is utilized to prevent Planning Boards from denying individual rights simply by refusing to reach a decision, “ [n]o court should construe a default statute in such a manner as to penalize the future and orderly growth of a community unless there is no other construction open.” (Matter of A. E. Ottaviano, Inc., v. Zerello, 33 Misc 2d 263, 266.) Moreover, it is well settled that the rules and regulations which have been adopted to implement the application of the standards set forth, inter alia, in sections 273 and 277 of the Town Law may not conflict with the basic requirements already established by statute (cf. Matter of Gruner v. Haefeli, 12 A D 2d 838 [3d Dept.]; Lunmor Homes v. Johnson, 122 N. Y. S. 2d 149 [Supreme Ct., Westchester County]).
The Regulations of the Planning Board of the Town of Carmel provide that the “ subdividing owner * * * shall apply for and secure approval of such proposed subdivision in accordance with the following procedure, which includes, basically, two steps: (1) Preliminary Layout (2) Subdivision Plat.” The “ Preliminary Layout ” consists of a map showing the location of the entire property under consideration in relation to surrounding property and streets. All pertinent features, such as existing structures, streets, railroads, water bodies and other physical characteristics which would influence the subdivision design and a topographical description at a contour interval of not more than five feet are to be included on the “ Preliminary Layout. ’ ’ Further, it shall show the location, width and approximate grade of all proposed streets; the approximate location, dimensions and area of all proposed or existing lots; all property proposed to be set aside for playground or park use and the proposed provision of water supply, fire protection, disposal of sanitary waste, storm water drainage, street trees, street lighting fixtures, street signs and sidewalks, data on which must be available for consideration at this stage. (Regulations of Planning Bd., Town of Carmel, art. IV, § 1, subds. A-J.) The board’s regulations then provide that: ‘ ‘ After discussion of the Preliminary Layout, the Planning Board will advise the applicant, in writing of the specific changes it will require in the Layout, and the character and extent of required improvements and reservations which it will require as a prerequisite to the approval of the Subdivision Plat. This shall constitute tentative approval of the Preliminary Layout.”
*5 Within six months of “tentative approval,” the petitioner must seek approval of the “ Subdivision Plat.” Subdivision 0 of section 2 of article II of the regulations provides that: ‘ ‘ The proposed Subdivision Plat shall be properly endorsed by the State Health Department, as meeting the standards of the State Sanitary Code, before any public hearing is scheduled. The Plat should be in final form before State Health Department approval.” The regulations require that the proposed plat contain, inter alia: the lot area in square feet with accurate lot lines and angle bearings.
The petitioner’s map here is entitled “ Preliminary Map of Mahopac Isle ” and contains the following note: “ 1 — all lot areas & lot dimensions are approximate. ’ ’ (Emphasis supplied.)
The court is unable to accept the petitioner’s argument that the regulations adopted by the Planning Board constitute an improper exercise of municipal power. On the contrary, the court finds that these regulations governing the procedure to be followed do not conflict with the expressed or implied requirements of the Town Law pertaining to the submission and approval of subdivision plats. The procedure of having the proposed plat submitted in two stages, one approximate or preliminary in the nature of a trial balloon or “proposal”, and the second the final, definite and precise plan, not only permits a full discussion and hearing on the merits of the applicant’s ideas and suggestions but also affords greater opportunity for a complete airing of the municipal requirements and demands. In short, the use of a preliminary plan allows for the full application of municipal planning in order to properly explore the feasibility of the proposal with a view to protecting the rights of the subdividing owner in relation to the anticipated and foreseeable impact that the proposed development may have upon the municipality at large.
While section 276 of the Town Law speaks in terms of plats without mention of preliminary layouts, there is no claim that this particular procedure is wielded to prevent or thwart plat submissions. Nor is there any issue in this proceeding that a preliminary layout must precede the final plat proposal or that an applicant may not finalize his plans without benefit of a preliminary discussion and without ascertaining on a formal basis the requirements or the difficulties to be overcome prior to expending a great deal of time and money.
Furthermore, there is no precise definition of the term ‘ ‘ plat ’ ’ contained in the Town Law. ‘ ‘ A plat is a subdivision of land into lots, streets and alleys (Gannett v. Cook, 245 Iowa 750).” *6 (Matter of Cedar Lane Heights Corp. v. Marotta, 17 A D 2d 651 [2d Dept.]; Town Law, § 276.) When approval has been obtained and the plat is filed in the office of the Clerk for the particular county, the streets, highways and parks delineated thereon become a part of the official town map or plan (Town Law, § 278). In light of this, the court believes that section 276 is concerned with more than a map containing only approximate locations, distance areas and dimensions. This is particularly true where the map submitted is purposely preliminary and purely approximate in compliance with a regulation which explicitly and clearly states that it is not governed by the provisions of section 276.
In Matter of Levin v. Thornbury (2 A D 2d 774, supra) a ‘ ‘ preliminary ’ ’ plat was automatically approved by virtue of section 179-k of the Village Law when the Planning Board failed to hold the required hearing. Although petitioner urges that Levin (supra) supports its position that the ‘ ‘ Preliminary Layout ” has been approved automatically, the court is of the opinion that the Levin case is inapposite. Levin was not concerned with an approximate map or plan that was submitted simply for ‘1 tentative approval ’ ’ and not for final action, but rather with a plat (i.e., proposed subdivision) that was preliminary merely in the sense that it had not been approved and that the improvements had not been constructed. Accordingly, the court holds that this ‘ ‘ Preliminary Layout ’ ’ is not entitled to automatic approval under section 276 of the Town Law and the Village Clerk who is a party will not be directed to issue a certificate pursuant to that section.
Nevertheless, the action of the Planning Board here cannot be sustained. Under their regulations, they are authorized to make only a tentative approval of a preliminary layout, which must be in writing and set forth the items, details, etc., if there be any, which they will require by way of a change, modification or addition to the plan as submitted. While any change no matter how slight is a rejection in fact of what has been submitted for approval, this rejection must take the form of offering a constructive proposal embodying their determination as to municipal requirements.
A Planning Board must offer some constructive method or alternative plan for utilizing the property in accordance with the dictates of the existing zoning requirements and the existing master plan or official map. Concluding that present laws are inadequate affords no solution to a difficult and serious problem and is tantamount to an abdication of responsibility. A failure to act or exercise official power in this area may penalize possibly *7 the community at large or it may constitute a deprivation of the effective use of property without adequate compensation to the owner thereof. Whether the solution which may be offered is proper or adequate in the final analysis and whether the owner is agreeable to accepting the Planning Board’s proposal are matters which are not before the court at this time.
Accordingly, as the determination of the Planning Board rejecting petitioner’s “ Preliminary Layout” is unauthorized, it is annulled and the proceeding is remitted to the board for the purpose of making a “ tentative approval ” in accordance with the applicable rules and regulations.