Clare J. Hoyt, J.
This is an article 78 proceeding in which respondents have moved to dismiss .the petition upon the ground that the proceeding was not corumenced within the proper time under section 282 of the Town Law.
Petitioner is the lessee of a tract of land in the Town of Patterson, Putnam County, which it desires to use as a quarry. Under the Zoning Ordinance of the Town of Patterson, petitioner was required to obtain site approval by the respondent Planning Board. In October of 1968, petitioner presented a request for such approval, and in November of that year, the Planning Board gave preliminary approval subject to five conditions. After a public hearing in January of 1969, the Planning Board sent petitioner a letter dated March 25, 1969, wherein it “ informally ” set forth 16 conditions for .site approval, the petitioner having 30 days to decide if the conditions were acceptable. Thereafter at a meeting of the Planning Board on M$iy 8, 1969, attended by petitioner’s officers and attorney, certain of the requirements of the March 25, 1969 letter were modified by agreement between the parties. From a copy of the minutes of the May 8 meeting submitted by petitioner in opposition to the motion to dismiss, it is noted that a meeting was scheduled for May 29, 1969, “ to further discuss conditions set forth by our Board.” At the May 29 meeting, however, according to the allegations of the petition, the Planning Board refused site plan approval. Petitioner thereupon commenced this proceeding on June 28, 1969, by service upon the Planning Board of an order to show cause why it should not be directed to issue site plan approval to the petitioner.
Respondents urge that this proceeding is not timely under section 282 of the Town Law which requires that a proceeding be commenced within 30 days after the filing in the office of the *567 board of .the decision sought to be reviewed. There is some question as to whether section 282 or section 267 (subd. 7) of the Town Law should apply in this case. Since, however, the proceeding appears timely under either of these sections, it is not necessary to pass upon this issue.
Respondents’ theory is that the petition seeks review of the conditions set forth in the letter of March 25,1969, and that the 30 days’ time limitation ran from that date. It is clear from the petition, however, that it seeks review of the conditions not as they were originally set forth in the March 25 letter but as modified by subsequent negotiations and agreement between the parties.
Although petitioner might have sought and obtained a review of the conditions as they were set forth in the March 25 letter, it chose rather to negotiate with respondents and seek a modification of the conditions. Respondents did in fact thereafter take part in these negotiations which resulted in a modification of some of the conditions, the acceptance by petitioner of some conditions as originally set forth and some as modified, and the rejection of others. This is clearly established in the minutes of the May 8, 1969 meeting. Although those minutes indicate, as already mentioned, that the conditions would be further discussed at the May 29,1969 meeting, the court has been furnished with no minutes of that meeting. Petitioner alleges that site plan approval was denied on May 29, 1969, and it is its contention that this is the decision of which it seeks review. Although allegations are deemed admitted when subject to a motion to dismiss, respondents may claim that this allegation is actually a legal conclusion. Respondents ’ failure to submit the minutes of the May 29, 1969 meeting, coupled with their argument in their reply affidavit contending that the May 29, 1969 decision merely reaffirmed the conditions as promulgated on March 25, 1969, makes an inspection of the minutes of the May 29 meeting unnecessary.
Petitioner had its option to review “ any decision” of the Planning Board under either section 282 or section 267 (subd. 7) of the Town Law. (See Matter of Walton v. Town of Brookhaven, 41 Misc 2d 798.) It was not limited to the review of a final decision as mandated by CPLR 217 applicable to article 78 proceedings not under these sections of the Town Law. Thus petitioner might have sought review of the preliminary or tentative decision as reflected in the March 25, 1969 letter or of the final determination made on May 29, 1969. Having chosen the latter, petitioner in commencing this proceeding on June 28, 1969, was within the required time of either limitation section *568 of the Town Law under the circumstances of this case. (See Matter of Mahopac Isle v. Agar, 39 Misc 2d 1.)
It should be noted that this holding is in accord with Matter of Castaways Motel v. Schuyler (24 N Y 2d 120, 126-127) in which the Court of Appeals, in discussing CPLR 217, the general Statute of Limitations pertaining to a public body, stated: “ In dealing with this dilatory defense the courts should resolve any ambiguity by the public body against it in order to reach a determination on the merits and not deny a party his day in court.”
The motion to dismiss the petition is denied. Respondents’ time to serve an answer is extended until 10 days after service of a copy of the order with notice of entry thereon.