Clabe J. Hoyt, J.
In October of 1968 petitioner, a lessee of a tract of land in the Town of Patterson, Putnam County, applied to the respondent Planning Board of the Town of Patterson for site plan approval for a quarry. In a letter dated March 25, 1969, respondent set forth sixteen conditions for site plan approval. These conditions were subsequently negotiated, and all the conditions were agreed upon as modified or originally set forth except conditions Nos. 1, 2,12,13,14 and 16. Petitioner thereupon brought this article 78 proceeding to compel respondent to issue site plan approval upon those conditions that have been agreed upon by the parties.
In its answer responderft sets forth an affirmative defense alleging that this action is not timely under subdivision 7 of section 267 and section 282 of the Town Law. This contention was raised and passed upon in a motion to dismiss. Since leave to plead this defense was not given in that decision nor sought by respondent thereafter, this same contention will not now be passed upon again (Sherman v. Lynch, 196 Misc. 626; Matter of Broad Props. v. McMorran, 42 Misc 2d 1019).
In seeking to compel issuance of site plan approval on the conditions agreed upon, petitioner alleges that the other six conditions are either so arbitrary and unreasonable as to exceed the respondent’s powers or are not within the powers of the board to impose in the first place. Respondent, of course, is not a free agent with respect to the conditions it may impose upon issuance of site plan approval since its power to do so is derived from and is limited by the Zoning Ordinance and State law (see Matter of Oakwood Is. Yacht Club v. Board of Appeals, 32 Misc 2d 677).
The first condition requires that petitioner improve an existing road known as Burdick Ro.ad running from the quarry site to Route 311. While it is not clear whether this is a town road, it is clear that regardless of which it is there is no authority for the imposition of this condition since it is outside the proposed site (Matter of Medine v. Burns, 29 Misc 2d 890). The only authorization for requiring improvement outside the proposed site is contained in section 280-a of the Town Law, which relates to permits for buildings.
Condition two states that an existing town road, known as Orchard Street, may not be used for hauling products to or from the quarry but may be used during the six-month period given in condition one for improving the Burdick Road for all other purposes by vehicles not having more than two axles. While there is provision for the town to regulate use of its roads under *618 subdivision 17 of section 1660 of the Vehicle and Traffic Law, there is no authority for the planning board to do so.
The twelfth condition requires that petitioner compensate the town for all engineering and legal costs involved in the application and enforcement of the conditions for approval. There would appear to be no authority for the imposition of this condition, and as the court in Matter of Conmar Bldrs. v. Board of Appeals, 43 Misc 2d 577, 582, stated in relation to a similar condition, ‘ ‘ the extent of the expenses to be incurred by the petitioners in connection with this requirement is too indefinite and uncertain as to be deemed reasonable.”
Condition fourteen provides that permission to operate the quarry will be permanently revoked upon the violation of any of the conditions for approval. This condition must be viewed in light of the tenth condition which provides in essence that if the quarry ceases to operate for 150 days the quarry district will be deeded to the town without compensation. Upon any violation no matter how trivial, petitioner therefore stands to permanently lose its right to operate the quarry and also be forced to deed the quarry district to the town. This is a patently arbitrary and unreasonable condition for approval (see Colon v. Lisk, 153 N. Y. 188).
The fourteenth condition requires permanent sheds to be constructed over all equipment. While the planning board is authorized by the Zoning Ordinance to regulate the location, height and bulk of buildings, there is no provision for compelling buildings to be constructed (see Betty-June School v. Young, 25 Misc 2d 909, 916). In addition it appears from the minutes of the May 8, 1969 meeting submitted by petitioner that the reason for this condition was to raise tax revenue, which would clearly be an improper purpose even if respondent were authorized to impose such a condition.
Condition sixteen requires the posting of performance and other bonds. Petitioner objects to so much of this condition which requires a bond for damages to other property and water supply. Since it appears that the only provisions for posting bonds in this case are sections 276 and 277 of the Town Law, the respondent is authorized to require a bond for the performance of conditions imposed with respect to the site, to which petitioner has agreed, but not a bond as to damages.
Petitioner’s application is therefore granted and the respondent shall issue site plan approval based upon those conditions agreed upon by the parties, that is conditions 3-11, 15, and that part of 16 which requires a bond for performance,