In the Matter of PECKHAM INDUSTRIES, INC., Respondent, v. S. BERNARD ROSS, JR. et al., Constituting the Planning Board of the Town of Patterson, Appellants.— In this proceeding pursuant to article 78 of the CPLR to compel appellants to issue to petitioner a site plan approval for the operation of a quarry, the appeal is from a judgment of the Supreme Court, Orange County, entered January 29, 1970, which granted the application upon certain conditions specified in the judgment. A second judgment, identical except for certain additional recitals in the judgment entered January 29, 1970, was signed on February 4, 1970. Judgment dated February 4, 1970 vacated. It appears it was signed inadvertently. Judgment entered January 29, 1970 affirmed, with $20 costs and disbursements. On October 10, 1968 petitioner applied to appellants for a site plan approval to operate a quarry on a tract of land which petitioner had been occupying as a lessee. After about 18 months of negotiations, meetings and a public hearing, and more particularly on March 25, 1969, appellants wrote to petitioner that the site plan approval would be issued provided petitioner would contractually agree with 16 specified conditions. Several meetings were thereafter held wherein some of these conditions were modified. After these meetings and on May 22, 1969, petitioner wrote to appellants summarizing its contention that some of the conditions were unreasonable and that appellants legally could not demand compliance therewith. Petitioner and appellants met on May 29, 1969 to discuss the conditions which petitioner in its letter of May 22, 1969 had contended were improper. At this meeting. appellants determined that petitioner's conduct in refusing to comply with all the then demanded conditions meant that petitioner "in effect is withdrawing its application". Petitioner disagreed with appellants' determination and instituted this proceeding on June 28, 1969. Appellants moved to dismiss the proceeding on the ground that it had not been instituted within the time limit prescribed by section 282 of the Town Law, namely, within 30 days after the determination sought to be reviewed had been made. Petitioner contended the proceeding was timely, since it was to review appellants' determination made at their meeting on May 29, 1969. By an intermediate order, Special Term denied appellants' motion (*Matter of Peckham Ind.* v. *Ross,* 60 Misc 2d 566). Thereafter, appellants served their answer and answering affidavit wherin they affirmatively pleaded the 30-day limitation statute. Petitioner served its reply and replying affidavit claiming there was no merit to this defense. The petition was granted. The sole contention asserted by appellants for reversal is that the proceeding is barred by the 30-day limitation statute or, in any event, that they have created a triable issue in that connection. Irrespective of the correctness of Special Term's ruling that it was not required to reconsider appellants' contention of the Statute of Limitations because (1) in its intermediate order it had overruled this contention and (2) appellants had not been given leave to plead such defense in their answer to the petition, we find the defense is legally untenable for another reason. More particularly we find that (1) appellants' March 25, 1969 letter to petitioner contemplated further meetings before a finalized determination would be made by appellants and (2) the subsequent meeting between appellants and petitioner on May 29, 1969 establishes that the latter date was the cut-off date when appellants decided they would not issue the requested site approval. Thus, this proceeding, to review said latter determination, was unquestionably timely (cf. *Matter of Walton* v. *Town of Brookhaven,* 41 Misc 2d 798, 800). Since appellants' defense of the Statute of Limitations is untenable for the foregoing reasons, it is immaterial that Special Term, in its decision granting

petitioner's application, overruled the defense for different reasons (cf. *Wenner v. Prudential Ins. Corp.*, 246 App. Div. 613, affd. 271 N. Y. 572; *Goodrich* v. *Ross-Ketchum Co.*, 274 App. Div. 157, 160). Concerning the merits of the proceeding, we find that Special Term, for the reasons stated in its decision, properly granted the application. Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.