In the Matter of LITTLE POND HILL, INC., Respondent, v. ERNEST MENDEL et al., Constituting the Planning Board of the Town of Patterson, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR in which petitioner sought a judgment inter alia declaring void and unconstitutional a portion of the Zoning Ordinance of the appellant Town of Patterson, the appeal is from a judgment of the Supreme Court, Putnam County (which court treated the proceeding as an action for a declaratory judgment), dated June 28, 1973, which (1) annulled a determination of the appellant Planning Board of the Town of Patterson revoking a previous approval of petitioner's site plan for failure to provide a performance bond, (2) reinstated said previous approval of the site plan, (3) declared invalid and unconstitutional section 280.5 of said Zoning Ordinance and (4) directed that petitioner be issued a building permit in accordance with the site plan, without furnishing a performance bond. Judgment reversed, on the law, without costs, and proceeding remitted to Special Term for further proceedngs in accordance with the views herein set forth. Section 277 of the Town Law is direct authority for the requirement of the appellant Planning Board imposing the furnishing of a performance bond as a condition of the approval of a site plan (cf. Matter of Peckham Ind. v. Ross, 61 Misc 2d 616, affd. 34 A D 2d 826). The cases of Matter of Cedar Lane Hgts. Corp. v. Marotta (17 A D 2d 651), holding that no public hearing is necessary on an application to a planning board for approval of a site plan, pursuant to section 276 of the Town Law, and Matter of Thurman v. Snowden (28 A D 2d 705), holding that a site plan is not automatically approved after the lapse of 45 days from the submission of a site plan to a planning board without the latter's action, pursuant to section 276 of the Town Law, are inapplicable. Section 277 of the Town Law is separate and distinguishable from section 276 of the Town Law. By the provisions of section 1 of chapter 782 of the Laws of 1962, section 277 of the Town Law was amended so as to add "sites" as a subject of regulation by planning boards of towns and authorizing the imposition of a performance bond for the completion of certain improvements as a condition of the approval of a plat. Section 276, on the other hand, as amended (L.

1972, ch. 964, § 2, eff. Jan. 1, 1973), clearly refers to "subdivisions" in dealing with the specifications of plats, as distinct from "sites". Thus, the ordinance of the Town of Patterson was not unconstitutional or void in providing for the imposition of a performance bond as a condition of the approval of the site plan of the apartment house. Nevertheless, the Planning Board went beyond its powers under the ordinance in requiring a performance bond for the installation of the swimming pool, tennis courts and sand filter, as shown on the site plan. None of these items is a site improvement within the meaning of the ordinance or authorized by section 277. In addition, petitioner contests in this proceeding the propriety and reasonableness of the amounts fixed by the Planning Board for the cost of completion of the other items to be covered by the performance bond. Accordingly, the proceeding should be remitted to Special Term for an evidentiary hearing and determination of the propriety and reasonableness of the amounts of such remaining items to be covered in the performance bond. The matter shall be treated in the nature of a proceeding pursuant to article 78 of the CPLR. Hopkins, Brennan and Munder, JJ., concur; Gulotta, P. J., and Martuscello, J., dissent and vote to affirm with the following memorandum: We can discern no reasonable basis for the distinction drawn by the majority between sections 276 and 277 of the Town Law that the former applies only to approval of plats, while the latter encompasses approval of site plans and thus confers upon planning boards of towns the right to exact a performance bond in connection with a site plan approval. Both sections deal with plats — not sites; section 276 with "approval of plats; development of filed plats" and section 277 with "approval of plats; additional requisites". Both sections refer to approval of plats "showing lots, blocks or sites, with or without streets or highways." The quoted phrase merely modifies and describes the word "plats". It is apparent that the sections no more deal with sites per se than they do with highways per se. Aside from this purely literal approach to the application of these sections, the rationale of the matter argues against such an interpretation. Where an area is to be subdivided into lots, plots or sites for sale to the public, there is an obvious need for protecting the public from the possibility that the public improvements shown on the plat development may not be completed and a performance bond insures that they will. No similar problem exists with respect to a site plan in which the site remains in private ownership and where the one who would suffer from failure to complete the improvements would be the developer himself. We would affirm on the opinion at Special Term and also on the authority of *Matter of Cedar Lane Hgts. Corp. v. Marotta* (17 A D 2d 651) and *Matter of Thurman v. Snowden* (28 A D 2d 705). Additionally, sections 437 and 461 of the Zoning Ordinance of the appellant town provide sufficient means to insure adherence to an approved site plan by means of certificate-of-occupancy control and punitive sanctions. [74 Misc 2d 989.]