OPINION OF THE COURT
Theodore A. Kelly, J.
This is a CPLR article 78 proceeding for judgment annulling the determination of the Planning Board of the Town of Clarkstown, which required petitioner to pay money in lieu of land as a condition for obtaining site plan approval to erect an apartment complex.
Petitioner owns a parcel of land in the Town of Clarkstown containing 3.7 acres. The property was formerly owned by Raymond C. Riegert, Jr. and Nanette Riegert (hereinafter the Riegerts). On May 10, 1974 the Riegerts petitioned to the Clarkstown Town Board for a zone change from R-15 (single family) to RG-2 (multi-family garden apartments). The property at that time consisted of 7.40 acres.
The Rockland County drainage agency and the planning *299 board each noted that the Riegerts’ property lay within the 100-year flood plain of the Nauraushaun Brook, and that 100-foot drainage easements would be required in order to perform stream improvement work designed to contain any overflows. The zone change application was subsequently approved, subject to the filing of a declaration of restrictive covenants by the Riegerts. Covenant No. 4 provided that the Riegerts would be responsible for the cost and maintenance of all required ponding areas, flood plains or drainage ways.
The declaration was later amended by the town board. The amendments permitted the Riegerts to construct 56 one-bedroom units on the property, as opposed to the 40 units which had been previously authorized. The amendment further required the Riegerts to convey 4.022 acres of land, more or less, to the County of Rockland for flood control purposes, without cost. The Riegerts conveyed the acreage on September 20, 1976. The deed recited that the property was being acquired for channel improvements, maintenance and drainage.
On October 2, 1978 petitioner applied to the planning-board for site plan approval to construct. 56 one-bedroom units on the remaining 3.7 acres. A public hearing was held on October 31, 1978. On December 5, 1978 the planning board granted site plan approval subject, however, to petitioner’s depositing $16,800 with the town as money in lieu of land. Petitioner objected to this condition, but subsequently deposited $8,400 under protest.
Petitioner contends that the planning board’s action in requiring it to deposit money in lieu of land was arbitrary, capricious and contrary to law. The substance of petitioner’s argument is that the Riegerts had effectively complied with this requirement when they conveyed the 4.022 acres to the County of Rockland. Petitioner further alleges that the rates applied by the planning .board in computing the deposit were discriminatory.
Pursuant to subdivision 1 of. section 277 of the Town Law, a developer of property may be required to include in his plan of development a park or parks which are suitably located for playground or other recreational pur *300 poses. If the planning board determines that a suitable park or parks of adequate size cannot be properly located in any such plat or is otherwise not practical, then the board may require the payment to the town of a sum of money fixed by the town board which shall be used for neighborhood park, playground or recreation purposes, including the acquisition of property. 'This concept has been expressly approved by the Court of Appeals of this State (Jenad, Inc. v Village of Scarsdale, 18 NY2d 78).
The planning board has also adopted regulations for approval of site plans and maps which have been approved by the town board. These regulations provide, in part, as follows:
“23.830 MONEY-IN-LIEU-OF-LAND: When it is deemed that a reasonable reservation of land is inappropriate on any property (23.810) such reservation shall be replaced by payment of a sum of money sufficient to purchase an equal area of land located as below (23.832).
“23.831 All money-in-lieu-of-land shall be used by the Town for acquisition and/or improvement of neighborhood park, playground or recreation area.
“23.832 All payments shall be used within a reasonable time for facilities available for use and benefit of the residents, workers etc. in the source property”.
Petitioner’s contention that the conveyance made by the Eiegerts complied with subdivision 1 of section 277 of the Town Law must be rejected. Petitioner alleges that the 4.022 acres were conveyed for “recreational purposes and open space.” This contention, however, is refuted by the language contained in the deed. The deed expressly states that the land was being conveyed for channel improvements, maintenance and drainage. Petitioner does not dispute the fact that the deed was executed in compliance with the amended declaration of restrictive covenants requiring such a conveyance for flood control purposes, and in order to comply with the conditions imposed by the town board for granting the change of zone. The conveyance, therefore, was clearly not for recreational and park purposes within the meaning of subdivision 1 of section 277.
*301 Petitioner further contends that the right of the planning board to require payment of money in lieu of land may be exercised only when it approves a plat and not when it grants site plan approval. In this regard the authority for planning board review and approval of site plans is contained in section 274-a of the Town Law. While section 274-a does not expressly authorize the planning board to require the payment of money in lieu of land, as petitioner alleges, section 277 which does so provide, has been held applicable to a site plan of an apartment house (Matter of Little Pond Hill v Mendell, 44 AD 2d 584). In addition, section 274-a authorizes the planning board to adopt such rules and regulations as it deems necessary to implement the site plan review powers which are conferred upon it by the town board. The planning board, pursuant to this statutory authority, has adopted rules and regulations for site plan review, and has provided for the payment of money in lieu of park or recreational land. The court finds, therefore, that condition was properly imposed by the planning board.
Petitioner has further failed to establish that the money in lieu of land requirements contained in the site plan regulations are discriminatory and illegal. Since the regulations are a legislative enactment by the planning board and were approved by the town board, they are entitled to a strong presumption of validity (see Anderson, New York Zoning Law and Practice [2d ed], § 2.08). Petitioner has not demonstrated that the regulations constitute an unjustifiable exercise of the town’s police power and has not rebutted presumption of validity.
The court has considered the other arguments advanced by petitioner and finds that they are without merit. Petitioner has submitted no evidence to support the conclusory allegations that its site plan application of October 2, 1978 was a “cluster” zoning application under section 281 of the Town Law. Petitioner has also failed to substantiate its claim that the conveyance made by the Riegerts to the County of Rockland was intended to constitute compliance with the park and recreational requirements of subdivision *302 1 of section 277 of the Town Law. As hereinbefore indicated, the language of the deed indicates the contrary.
The application is, accordingly, denied in its entirety and the petition is dismissed.