John M. Reed, Esq. Town Attorney, Pawling and Pleasant Valley
You state that Article 78 proceedings are frequently brought against your town challenging its determinations in cases involving special use permits, variances, subdivisions, and other zoning matters. Your question is whether the town board may provide for the affected town agency to condition approval of these permits, variances, etc. upon the agreement of the applicant to reimburse the town for its legal expenses, including attorney's fees, costs and disbursements, in the event of an Article 78 proceeding brought by neighbors or other interested parties attacking the town's determination.
We believe that such a condition would be an invalid exercise of your town's legislative authority in at least two respects. First, although a town agency may attach conditions to its approval of a zoning application, its power to do so is limited. Any condition so imposed must be reasonable and may relate only to the proposed use of the property (Dexter v Town Board of the Town of Gates, 36 N.Y.2d 102
[1975]; Summit School v Neugent, 82 A.D.2d 463 [2d Dept, 1981]). Conditions that require the petitioner to compensate the locality for necessary legal expenses involved in the petition have not met this test and have been found to entail expenses "too indefinite and uncertain as to be deemed reasonable" (Peckham Industries v Ross, 61 Misc.2d 616, 618
[Sup Ct, Orange Co, 1970], affd 34 A.D.2d 826 [2d Dept, 1970] [citing Conmar Builders, Inc. v Board of Appeals, 43 Misc.2d 577 (Sup Ct, Oneida Co, 1964)]).
In previous opinions of this office, we recognized the authority of a local government to impose reasonable fees for the payment of the expense of a regulatory program (Op Atty Gen [Inf] 82-48, 83-18). We emphasized that the amount of the fee should be what is reasonably necessary to review the application. The condition you have proposed would impose costs that bear no relationship to the expense of reviewing the application. These costs would be speculative and open-ended, since they would be linked to possible future litigation. For these reasons, we believe that the condition you have proposed is unreasonable.
The reasonable and necessary expenses of defending an action or proceeding against a town is a lawful town charge (Town Law, §65[1]).
We conclude that a town is not authorized to condition approval of special use permits, variances, subdivisions and similar zoning applications upon the agreement of the applicant to compensate the town for its expenses, including attorney's fees, costs and disbursements, in the event that an Article 78 proceeding is brought challenging the town's determination.