OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 Although the Town Law accords towns broad powers to regulate the development of both subdivisions and individual sites, the authority for approving subdivision plats is discrete from that for approving individual site plans. Thus, although a town may require that, before approving a plat, either land or money-in-lieu-of-land be delivered to the municipality for developing parks, no such conditions may be imposed on the approval of a site plan.
 

 Raymond and Nanette Riegert, petitioner’s predecessors in title, owned a 7.40-acre tract in the Town of Clarkstown, Rockland County. In May, 1974, the Riegerts sought an amendment to the town’s zoning ordinance so as to alter the entire tract’s classification from single-family homes to multifamily garden apartments. In December, 1974, the town board made the requested amendment, but subject to certain conditions: (1) no more than 40 one-bedroom units were to be constructed on the premises; (2) a 20-foot road-widening strip was to be conveyed to either the county or the town; (3) a 20-foot buffer strip of trees and shrubbery was to be installed; and (4) the owners were to carry the cost of maintaining all required ponding areas, flood plains, or drainage ways.
 

 Later, the Riegerts sought a further modification to allow a maximum of 56 one-bedroom units on the property. This application was approved in November, 1976, subject to the Riegert’s conveying for flood control purposes about four acres that lay in a 100-year flood plain. The Riegerts satisfied every condition imposed by the town.
 

 
 *209
 
 Petitioner subsequently purchased the remaining acreage from the Riegerts. In October, 1978, petitioner submitted to the Planning Board of the Town of Clarkstown a site plan showing the proposed construction. On December 5, 1978, the planning board approved the plan on the condition that petitioner deposit $16,800 with the town as “money-in-lieu-of-land” for the purchase and development of parkland. Petitioner contested the legality of this action at the public meeting where the board announced its decision, but eventually paid the entire sum under protest.
 

 Petitioner commenced this proceeding to recover the moneys paid. The kernel of its argument is that sections 276 and 277 of the Town Law concededly authorize planning board review of subdivision plats, including the imposition of land or money-in-lieu-of-land conditions for park development, but site plan approval is subject only to section 274-a of the Town Law, which does not authorize imposing such a condition. Special Term ruled in favor of respondents Town of Clarkstown and its planning board. The Appellate Division unanimously affirmed, without opinion, and this court granted petitioner leave to appeal. The order below should be reversed and judgment entered for petitioner.
 

 The question presented is one solely of statutory interpretation. It is noted that a town and other municipalities derive no power to regulate land use other than through legislative grant (see
 
 Matter of Golden v Planning Bd. of Town of Ramapo,
 
 30 NY2d 359, 369-370). The task, therefore, is to construe the pertinent statutes, as written, according to the ordinary meaning of their language, seeking to harmonize the whole and to avoid rendering any part surplusage (see
 
 Zaldin v Concord Hotel,
 
 48 NY2d 107, 113;
 
 Matter of Albano v Kirby,
 
 36 NY2d 526, 529-531;
 
 Matter of Smathers,
 
 309 NY 487, 494).
 

 Section 276 of the Town Law,.originally enacted in 1932 (L 1932, ch 634, § 276), is entitled “Approval of plats; development of filed plats.” Designed to empower local governments to plan and regulate land development, subdivision 1 of section 276, as amended, states that “the town board may by resolution, authorize and empower the planning board to approve plats showing lots, blocks, or sites,
 
 *210
 
 with or without streets or highways, and to approve preliminary plats”. The remainder of section 276 sets forth pertinent definitions and prescribes the procedural steps to be followed in approving plats.
 

 Section 277 of the Town Law was originally adopted in the same bill as section 276 (L 1934, ch 634, § 277). Entitled “Approval of plats; additional requisites,” section 277 sets forth substantive matters to be considered by a planning board when approving “a plat showing lots, blocks or sites, with or without streets or highways”. In particular, the section mentions that the existence of park facilities within the plat be weighed in granting or withholding approval (Town Law, § 277, subd 1). The statute specifically authorizes the board to require the inclusion of adequate parks, or, if a suitable park cannot be included within the plat, to require a payment to the town to be held in trust for the purchase of parkland elsewhere
 
 (id.).
 

 Section 274-a of the Town Law, first added in 1976 (L 1976, ch 272, § 2), authorizes planning boards to review and approve site plans, while expressly excluding from such review plats subject to approval under sections 276 and 277.
 
 [1]
 
 When it enacted section 274-a, the Legislature repealed (L 1976, ch 272, §§4-7) several laws that had granted such approval powers to a few municipalities on a piecemeal basis, including a grant to the Town of Clarkstown, respondent here (L 1974, ch 787).
 

 
 *211
 
 Initially, it is noted that the terms in section 274-a vary from those in sections 276 and 277. The former specifies “site plans” while the latter refers to “plats”. This distinction comports with the general usage of these terms: “A site plan is not a subdivision plat. A site plan usually evidences the proposed development of a single lot, whether for one principal building and permitted accessory buildings, or for a group of buildings (such as a group residential development or an industrial park), intended to remain in one ownership. A subdivision plat contemplates division of one tract into a number of smaller lots with eventual separate ownership of each such lot. The authority which may be conferred upon planning boards with respect to subdivision plats, and the collateral powers of the board and consequences of its determination with respect thereto, are set forth specifically in the planning enabling acts. Site plans are not even mentioned in such acts. A site plan is a plan required to be submitted by the builder, showing the proposed location of the buildings, parking areas, and other installations on the plot, and their relation to existing conditions, such as roads, neighboring land uses, natural features, public facilities, ingress and egress roads, interior roads, and similar features” (2 Rathkopf, Zoning and Planning [4th ed], § 30.04[1], pp 30-13 — 30-14 [n omitted]).
 

 By their very language, the statutes can be seen to intend the continuation of this distinction. The laws are drafted to refer specifically to “site plans” and “plats” without any interchange between the two terms. Indeed, section 274-a (subd 1, par a) carefully excludes plats from its purview. Respondents’ emphasis on the use of “sites” in sections 276 and 277 is a spurious attempt to bring site plans within the scope of those laws; “sites” is used there merely to describe “a plat showing lots, blocks, or sites” and does not refer to site plans per se. Whatever doubt may remain as to the Legislature’s intentions is dispelled by the memorandum issued by Governor Malcolm Wilson when he signed the bill that originally empowered respondents to review site plans (L 1974, ch 787) and that eventually was repealed when section 274-a was enacted (L 1976, ch 272, § 4). In that message, Governor Wilson wrote, “Under
 
 *212
 
 existing law, the governing bodies of local governments are authorized to delegate to municipal planning boards the power to approve or disapprove plats showing the division of land into lots, blocks or sites — commonly known as subdivision plats. There is, however, no express statutory authority for a similar permissive delegation of approval power over site plans for developments that do not take the form of subdivisions.” (NY Legis Ann, 1974, p 404.)
 

 Viewed in this light, section 277 cannot be said to authorize the imposition of land or money-in-lieu-of-land donations to build parks as a condition to approving site plans. Section 277 complements section 276; these two sections must be read together and are limited to the review of plats.
 
 [2]
 

 Respondents also urge the existence of an implicit authority to impose such conditions under section 274-a. Although section 274-a (subd 1, par a) does refer to consideration of the “impact of the proposed use on adjacent land uses and such other elements as may reasonably be related to the health, safety and general welfare of the community,” it should not be read so broadly as respondents desire. Otherwise, a town would be able to exact a toll twice from the same development: once when the developer seeks approval of the plat; the second time when individual lot owners seek approval of the building plans for their homes. There would, of course, be no real justification for a planning board to demand from the individual lot owners land or money for parks when the developer’s contribution has already been received. By expressly providing for public park dedication in section 277 plat approval and by omitting any reference to parks in section 274-a, the Legislature intended that the burden of major community concerns such as parks be placed on the developer, not the individual lot owner.
 

 
 *213
 
 Finally, respondents propose that their action is authorized by the local regulations adopted under the special law (L 1974, ch 787) preceding the enactment of section 274-a (L 1976, ch 272), which also repealed the earlier special law. Respondents argue that the regulations remain in force pursuant to the saving clause in the repeal, “provided, however, that such repeal shall not impair the continued validity, after the effective date hereof, of any action taken prior to such date pursuant to the authority provided by [L 1974, ch 787]” (L 1976, ch 272, § 4). This is not persuasive. The saving clause should be read as nothing more than a protection of both the town and the applicants who acted under the earlier law, particularly where appropriate conditions were placed on approval but which could not be fulfilled before the effective date of section 274-a. No reason is proffered why respondents here should have greater power to impose conditions on site plan approval than the other municipalities in the State. Such power would conflict with the legislative intent of providing a State-wide uniform scheme. Consequently, at least to the extent they conflict with the Town Law, respondents’ site regulations should be deemed negated by the legislation enacting section 274-a (L 1976, ch 272, § 4).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition granted.
 

 Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . The portion of section 274-a relevant here provides (Town Law, § 274-a, subd 1, par a): “Planning board approval of site plans. The town board may, as part of a zoning ordinance adopted pursuant to this article or by local law adopted pursuant to other enabling law, authorize the planning board to review and approve, approve with modifications or disapprove site plans, prepared to specifications set forth in the said zoning ordinance or local law and/or in regulations of the planning board, showing the arrangement, layout and design of the proposed use of the land shown on such plan. Such ordinance or local law shall specify the uses for which such approval shall be required and the elements to be included in such plans submitted for approval; such elements may include, where appropriate, those relating to parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, impact of the proposed use on adjacent land uses and such other elements as may reasonably be related to the health, safety and general welfare of the community. When an authorization to approve site plans is granted to a planning board pursuant to this paragraph, the terms thereof may condition the issuance of a building permit upon such approval by the planning board. When so authorized, a planning board may adopt such rules and regulations as it deems necessary, consistent with the provisions of this article, to exercise the powers so granted. Plats showing lots, blocks or sites which are subject to review pursuant to authority adopted under section two hundred seventy-six of this chapter shall continue to be subject to such review and shall not be subject to review under this paragraph.”
 

 [2]
 

 . Respondents rely on
 
 Matter of Little Pond Hill v Mendel
 
 (44 AD2d 584) to support the proposition that section 277 encompasses site plans.
 
 Little Pond,
 
 in turn, cited
 
 Matter of Peckham Ind. v Ross
 
 (61 Misc 2d 616, affd 34 AD2d 826) for its authority. It appears, however, that the question of the applicability of section 277 to approving site plans was not raised in
 
 Peckham.
 
 It would seem that
 
 Little Pond
 
 was wrongly decided.