OPINION OF THE COURT
Henry G. Gossel, J.
This is a motion made by the defendant in a medical malpractice action pursuant to CPLR 3212 seeking an order directing summary judgment on the grounds that the plaintiffs failed to file a notice of claim pursuant to General Municipal Law § 50-e and failed to commence their action within one year and 90 days after the alleged cause of action occurred, pursuant to General Municipal Law § 50-i.
The action was commenced by service of a summons and complaint upon the defendant on or about April 11, 1980. An answer thereto was served in June of 1980 and an amended answer was thereafter served pursuant to an order granted November 25, 1981 by Honorable Eugene W. Bergin, Justice of the Supreme Court, in which answer the defendant set forth the affirmative defense that plaintiffs had failed to comply with General Municipal Law §§ 50-e and 50-i.
The basis for the application of the General Municipal Law is that at the time of the alleged negligence in February of 1977 when plaintiff, Mary Hilligas, was the subject of a *782 pathological examination, the defendant was an employee of the County of Wyoming in the capacity of a pathologist in charge of the Wyoming County Community Hospital laboratory in Warsaw, New York, and was acting in that capacity pertaining to the services in question which were performed on behalf of said plaintiff. For some time before the alleged malpractice, the defendant was an independent contractor to the County, however in July of 1976 that was changed and the defendant became an employee of the County performing the same general duties but doing so in a different relationship with the County of Wyoming. Although earlier a question existed as to whether or not the independent contractor relationship existed at the time of the alleged malpractice, it is now established that in February of 1977, and thereafter, the defendant was an employee of the County as established by the uncontroverted testimony of the defendant, his paycheck stubs, his W-2 forms, hospital payroll records, the hospital’s administrator’s letter and records of the Board of Supervisors of Wyoming County.
The pathological procedure in question originally resulted in a report, dated February 24, 1977, that diagnosed certain tissue as benign. Later on July 28, 1978, in a supplemental report the diagnosis was changed to cylindroma.
The court finds there is no triable issue of fact regarding the employee status of the defendant. There is no doubt that in February of 1977 and the time thereafter in question, but that the defendant was an employee of the County of Wyoming.
Having established the fact that the defendant is an employee of the County, the court proceeds to the question of whether or not General Municipal Law §§ 50-e and 50-i are applicable to the action before the court. It is conceded by the plaintiffs that the said sections were not complied with, however, plaintiffs submit that the facts of the case make the section inapplicable since the named defendant does in fact have independent medical malpractice insurance coverage for the time period of the alleged malpractice. The plaintiffs further submit that under General Municipal Law § 50-e (1) (b) a notice of claim is not required unless the municipal corporation is sued or if the municipal corporation has a statutory obligation to indemnify. Plaintiffs maintain that since the County is not a party, the application of the sections in question are determined by the indemnity provisions of General Municipal Law § 50-d.
*783 Section 50-e (1) (b) reads:
"(b) Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.”
Section 50-d reads:
"1. Notwithstanding any inconsistent provision of law, general, special or local, or limitation contained in the provisions of any city charter, every municipal corporation shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any resident physician, physician, interne, dentist, podiatrist or optometrist rendering medical, dental, podiatry or optometry services of any kind to a person without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation, or in the course of a home care service maintained by such public institution, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such resident physician, physician, interne, dentist, podiatrist, or optometrist while engaged in the rendition of such services. Every such resident physician, physician, interne, dentist, podiatrist, or optometrist for the purpose of this section, shall be deemed an employee of the municipal corporation notwithstanding that the municipal corporation derived no special benefit in its corporate capacity.
"2. No action shall be maintained under this section against such municipality, resident physician, physician, interne, dentist, podiatrist or optometrist unless a notice of claim shall have been made and served in compliance with section fifty-e of this chapter. Every such action shall be commenced pursuant to the provisions of section fifty-i of this chapter.”
The court agrees that the application of General Municipal Law § 50-d is determinative of whether or not sections 50-e and 50-i are applicable.
Counsel refers the court to the 1956 New York Legislative Annual (at 217-218), wherein it recites a State Medical Society memoranda as follows:
"General Municipal Law, § 50-d. The Medical Society of the
*784 State of New York is a sponsor of the above bill. It is understood that the City of New York, which has been the source of opposition to similar bills in the past, also favors the above bill.
"Section 50-d of the General Municipal Law, as it presently exists, provides that a municipal corporation shall save harmless from malpractice liability any physician rendering medical services 'gratuitously to a person in a public institution’. In the case of Schmid v. Werner (277 App. Div. 520, affirmed 303 N.Y. 754) it was determined that the word 'gratuitously’ as used in this section refers to whether the doctors were working without remuneration rather than to whether the patient is to pay the city for the care and treatment received at the hospital. The above bill operates to restore the interpretation which was thought to be the correct one prior to the decision in the Schmid case, basing the right to indemnity on the fact that the physician renders services to a person 'without receiving compensation from such person.’
"The purpose of § 50-d of the General Municipal Law is to protect physicians from the high exposure to civil malpractice liability incident to doing professional work in a municipal hospital, especially in New York City. The section fails to protect those who need and deserve such protection the most —the intern and resident physicians who receive a nominal honorarium for their services which does not put them in a position to afford malpractice insurance even if they could buy it (malpractice indemnity insurance is not readily available to interns and resident physicians.)
"It is not anticipated that the enactment into law of the above bill would cost the municipalities much, if anything, yet it would protect a large group of individuals from the possibility of financial disaster. Actually it would constitute a cheap 'fringe benefit’ which would make intern, resident and other categories of physicians more available to municipal hospitals to an extent which would not otherwise be possible except by salary inducements which would cost much more than the cost, if any, incident to the above bill.”
The plaintiffs argue that the unique situation presented in the case before the court in that there is insurance coverage available on behalf of the defendant, that the previous independent contractor relationship that existed between the County and the defendant covering the identical medical areas of responsibility, that the lateness in the progression of *785 the lawsuit when the employment position of the defendant was discovered by both parties’ counsel, and that the plaintiffs will stipulate to limit damages to the amount of the coverage available to the defendant by his insurance contract, all demonstrate an exceptional circumstance that warrant excepting the application of General Municipal Law § 50-d.
Upon a review of section 50-d, however, there is no ambiguity as to its availability to the defendant in that there is no viable question concerning his employment by the County, nor is there grounds for questioning the application of the section to the facts as presented since the statutory language is plain with no provision stated regarding any exceptions thereto.
Lacking any such ambiguity in terms or application, the court will not create an exception when the Legislature did not.
The section is clear as to its meaning and application and the fact that the defendant has a medical malpractice policy for the time in question does not interfere with the provisions of the section or their application. The defendant is an employee of the County and the County by the existence of the malpractice coverage is not excused from the indemnification obligation, nor can the defendant be denied the protection of sections 50-e and 50-i based thereon.
The statute in words free of ambiguity and doubt, clearly and distinctly expresses the intent of the Legislature to include the defendant under section 50-d because he is an employee of the County, thereby providing the protection of sections 50-e and 50-i to the defendant, and further obligating said County to hold the defendant harmless and indemnify him for the loss as alleged by the plaintiff. (McKinney’s Cons Laws of NY, Book 1, Statutes § 76; Meltzer v Koenigsberg, 302 NY 523.)
The section (50-d) must be construed according to the ordinary meaning of its words. (Riegert Apts. Corp. v Planning Bd., 57 NY2d 206.)
Although the court sees no conflict or contradiction in the 1956 Legislative Annual as quoted above, and views the intent, as further expressed therein, as being to avoid the necessity of doctors employed by a municipality of obtaining medical malpractice insurance, and therefore specifically to intend application of section 50-d to the defendant herein, the submission by counsel is not determinative or relevant to the issue herein present and inappropriate since the statutory *786 language is unambiguous and the meaning unequivocal (Giblin v Nassau County Med. Center, 61 NY2d 67; Sega v State of New York, 60 NY2d 183; New Amsterdam Cas. Co. v Stecker, 3 NY2d 1).
Questions of waiver or application of equitable estoppel of any right the defendant may have had or has regarding defense or indemnification are not herein addressed. In this regard, the plaintiffs never claimed equitable estoppel based on being misled that the defendant was not an employee, or that they particularly relied on any such holding out to their detriment.
The motion of the defendant is granted.