■ In the Matter of FRANK C. BOHLANDER, as Commissioner of the Westchester County Department of Public Works, et al., Respondents, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered November 7, 1984 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Environmental Conservation requiring petitioner County of Westchester to pay a regulatory fee and assessing penalties and interest on that payment.

Respondent Department of Environmental Conservation (DEC) granted petitioner Westchester County a permit, effective February 1, 1982, under the State pollutant discharge elimination system (SPDES) program, authorizing the county to discharge on a daily basis up to 55,000,000 gallons of condensing cooler water generated by its Peekskill Resource Recovery Facility (a solid waste management plant) into the Hudson River. In October 1983, DEC rendered a bill to the facility for $15,000 as the annual fee payable by a SPDES permittee authorized to discharge 10,000,000 gallons or more of waste water per day (ECL 72-0602 [h]). The bill was rendered pursuant to newly enacted ECL article 72 (added by L 1983, ch 15, § 53, eff Apr. 1, 1983). Petitioners challenged the fee assessment on the ground that the facility was still under construction and not yet operational. In response, DEC issued a declaratory ruling on December 16, 1983, authorized by its general counsel, which essentially found that a facility possessing a SPDES permit to construct a plant authorized to discharge waste water incurs permit fee liability based on the mandate of ECL 72-0602. Special Term granted petitioners' CPLR article 78 petition by annulling the declaratory ruling and ordering restitution of the fee, interest and penalty paid under protest by petitioners. This appeal ensued and, for the reasons which follow, we affirm Special Term's judgment.

The central issue before us is whether the regulatory fees outlined in ECL 72-0602 apply only to operational SPDES

facilities, as interpreted by Special Term. Generally, a statute is to be construed according to the ordinary meaning of its words *(Riegert Apts. Corp. v Planning Bd.. of Town of Clarkstown,* 57 NY2d 206, 209; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345). When the legislative intent is apparent from the language of the statute, there is no occasion to consider extrinsic matter *(Sega v State of New York,* 60 NY2d 183, 191). With these principles in mind, we turn to a review of ECL 72-0602, which provides, in pertinent part, as follows:

"All persons required to obtain a permit * * * pursuant to the state pollutant discharge elimination system (SPDES) program * * * shall submit annually to the department a fee in an amount to be determined as follows * * *

"(h) $15,000.00 for industrial facilities *discharging* at an average daily rate of 10,000,000 gallons or more" (emphasis supplied).

Petitioners contend that there is no ambiguity in this statute, which in determining the amount of the varying annual fees, uses the active verb "discharging" in *each* of the 14 different classifications set forth in subdivisions (a) through (n). It being conceded that the plant was under construction in 1983 and not yet operational, petitioners argue that it could not be "discharging" waste water and hence cannot be charged the annual fee. Respondents counter by contending that ECL 72-0201 imposes an annual fee upon *all* SPDES permittees and that the subdivisions of ECL 72-0602 are merely for classification purposes to determine the amount of the fee, which varies according to the quantity of waste *authorized* to be discharged. Respondents maintain that Special Term's literal reading of "discharging" to require the fee only from operating facilities is taken out of context, since most of the program costs which the legislation was designed to recover are incurred during the approval process and before actual operation. In other words, respondents argue that, by the very authorization to discharge, a SPDES permittee incurs liability for the annual fees set forth in ECL 72-0602.

In our view, Special Term properly limited the scope of ECL 72-0602 to operational facilities. By its terms, the statute is plain and unambiguous; the amount of the fee depends on the amount of waste a facility is "discharging", a term which implies actual operation *(see, State of New York v Schenectady Chems.,* 103 AD2d 33, 35-37). To the extent that respondents challenge this construction, we find that their argument "does nothing more than urge ambiguity where none exists" *(Sega v*

*State of New York, supra,* p 190). Although deference is generally accorded the interpretation of a statute by the agency charged with its administration, this case is one of pure statutory reading dependent only on an accurate assessment of legislative intent *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Here, the Legislature declared its purpose in ECL 72-0101 which, in pertinent part, provides that facilities "which *use or have an impact* on the state's environmental resources should bear" the resulting regulatory costs (emphasis supplied). The underscored language, which imparts actual operation, is compatible with our interpretation of "discharging" as set forth in ECL 72-0602. While respondents emphasize that ECL 72-0201 imposes a fee upon *all* persons who are subject to regulations, such fees are only as authorized under ECL article 72 (ECL 72-0201 [1], [2]). It follows that since ECL 72-0602 only authorizes a fee for a facility engaged in "discharging", no liability inures during the construction process. Further support for this conclusion may be found in respondents' own implementing regulations which impose fees on the basis of an "average daily rate of flow" determined from, *inter alia,* actual "discharge monitoring reports" (6 NYCRR 485.2 [a] [3]). Such documentation of necessity anticipates a functioning operation.

Had the Legislature intended the mere issuance of a SPDES permit to warrant imposition of an annual fee, the statute could easily have been so worded. Indeed, the Legislature did as much with respect to air polluters' fees, which are imposed "on the most recent application for a permit to construct or application for a certificate to operate" a facility (ECL 72-0302 [1] [a]). Absent such language, however, we find that Special Term properly limited the scope of liability for fees set forth in ECL 72-0602.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.