Simons, J.
(concurring). I agree with the majority that the order should be affirmed and Local Laws, 1982, No. 6 of the Town of Yorktown declared invalid because the Town of Yorktown did not comply with the requirements of Municipal Home Rule Law § 22 (1). I do not agree that the Town may reenact the local law, or one similar to it, after complying *436 with section 22 (1), and thereby condition site plan approval on a contribution of parkland or money equivalent by the owners. It is fundamental that municipalities are creatures of the State and that, as such, they have only those powers delegated to them. The decision in this case violates that rule. The majority have found a general law in which the Legislature has, by choice, withheld local power to act (Town Law § 274-a) and a local law exercising the power withheld (Local Law No. 6). They then characterize the local law as “inconsistent” with general law and hold it is valid because the Town is authorized to amend or supersede inconsistent State laws (see, Municipal Home Rule Law § 10 [1] [ii] [d] [3]). The statutes cannot correctly be interpreted as permitting the Town’s supersession power to supplement or augment the powers delegated to it in substantive areas of law and doing so works a profound change in the home rule principles by which this State is governed. Accordingly, I cannot join in the court’s opinion.
The majority determines that the power to enact Local Law No. 6 is to be found in Municipal Home Rule Law § 10 (1) (ii) (d) (3). That provision authorizes a town to amend or supersede, in its local application, “any provision of the town law relating to the property, affairs or government of the town or to other matters”. By its plain terms, however, the subdivision permits exercise of the power only "to the extent to which it is authorized to adopt local laws by this section” (emphasis added). Thus, the inquiry must be whether the Legislature has delegated to the Town the power to act on the subject. Absent such independent authority, the Town may not amend or supersede under section 10 (1) (ii) (d) (3) and Local Law No. 6 is ultra vires and void.
Analysis begins with an understanding of the statutory scheme. Section 10 (1) of the Municipal Home Rule Law authorizes municipalities to adopt local laws relating to their "property, affairs or government” (Municipal Home Rule Law § 10 [1] [i]) and in 14 other enumerated areas “whether or not they relate to the property, affairs or government of such local government” (§ 10 [1] [ii]). Both paragraphs specify, however, that the municipalities may not adopt local laws “inconsistent with the provisions of the constitution or * * * any general law” (§ 10 [1] [i], [ii]).[1]
*437 Section 10 (1) (ii) (d) (3) and section 10 (1) (ii), on which the majority rely, are patently inconsistent. Reading the sections literally, a town may amend or supersede the general laws but not in a way inconsistent with the general laws. That construction deprives the statute of any meaning. Thus, we have approved an interpretation that the limitation on the power to adopt laws contained in paragraphs (i) and (ii) — that they must be consistent with the Constitution and general laws— does not operate in those situations in which the Legislature has authorized municipalities to amend or supersede general laws (see, Rozler v Franger, 46 NY2d 760, affg on opn of Justice Hancock at App Div 61 AD2d 46). In Rozler, Justice Hancock, as he then was, explained when analyzing parallel provisions of the Village Law, the words " 'not inconsistent with any general law’ ” found in section 10 (1) (i) and (ii) must be read as "impliedly subject to an exception where ** * * the inconsistency has been specifically authorized by the Legislature in the same section as the limitation.” (61 AD2d, at 52.)
As so interpreted, the threshold question when applying the statute is not whether the local law is inconsistent with a general law or addresses a matter of local concern, as the majority reasons, but whether the Town has power to act on the subject. Unless power has been delegated to the Town by the Constitution or other general law, the local legislation is invalid. An examination of the statute reveals that the power to adopt Local Law No. 6 has not been delegated to respon *438 dent by the Municipal Home Rule Law or any other general law of the State.
It is helpful to remember that the Municipal Home Rule Law was passed in 1964 following approval of a new article IX, §2 of the State Constitution. It was enacted with the Statute of Local Governments to implement the constitutional amendment by replacing the former City Home Rule Law, the Village Home Rule Law and various home rule provisions found in the County and Town Laws.[2] The Legislature’s purpose was to consolidate the powers previously granted by these provisions into one new chapter called the Municipal Home Rule Law, to make the grants of power to various subdivisions of government uniform to the extent possible and to facilitate uniform construction (see, Analysis of Municipal Home Rule Law, L 1963, ch 843, Mem of Office for Local Governments, McKinney’s Cons Laws of NY, Book 35C, at XIII; Purpose and Scope of Municipal Home Rule Law, op. cit., at IX). Although the Municipal Home Rule Law originally authorized other municipalities to amend or supersede general laws, section 10 (1) (ii) (d) (3), conferring that power on towns, was not contained in section 10 as originally adopted (see, L 1964, ch 78). It was added by chapter 365 of the Laws of 1976. Documents iñ the Bill Jacket make clear that the amendment was intended to enable towns to structure the organization and administration of their government to meet local concerns (see, Bill Jacket, L 1976, ch 365; see, e.g., Sponsors’ Mem, Assemblyman Robach and Senator Eckert; Letter of Senator Eckert to Governor Carey, July 21, 1975; Letter from Association of Towns, May 28, 1976). The purpose was not to expand the towns’ substantive powers but to implement powers the towns already possessed by giving them the same authority to supersede or amend general laws enjoyed by other local governments. This power was explained in Rozler where the court stated that the legislative intent was to enable local governments to adopt and amend local laws "for the purpose of fully and completely exercising the powers granted to *439 them” under the Constitution and general laws of the State (Rozler v Franger, 61 AD2d 46, 54, affd 46 NY2d 760, supra).
New York municipalities have been granted broad powers to regulate and limit property uses to discourage some uses through restrictive zoning and to encourage others through devices such as incentive zoning (see generally, Matter of Town of Islip v Caviglia, 73 NY2d 544; Asian Ams. for Equality v Koch, 72 NY2d 121, 128-129; Maldini v Ambro, 36 NY2d 481). They enjoy latitude because the Legislature has granted them power to supersede certain general laws to adapt the powers to local concerns and achieve effective government for the community. Using the cases cited by the majority as illustrations, the courts have approved local legislation passed pursuant to section 10 (1) (ii) (d) (3) transferring certain review powers to a board other than the one authorized to perform review functions by the Town Law (see, Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review, 120 AD2d 738; Matter of Sherman v Frazier, 84 AD2d 401), changing certain voting requirements of a Town Board from a vote of three quarters of the membership to a simple majority (see, North Bay Assocs. v Hope, 116 AD2d 704, lv denied 68 NY2d 603) or amending filing requirements established in general laws (Matter of Schilling v Dunne, 119 AD2d 179). As these cases illustrate, section 10 (1) (ii) (d) (3) properly construed, is an effective means for localities to tailor delegated powers in a way best suited to meet local conditions. There is nothing in the language of section 10 (1) (ii) (d) (3), however, or the history of its adoption which supports the majority’s conclusion that the amendment was intended to supplement towns’ specifically delegated powers. Therefore, I cannot accept the majority’s conclusion that the supersession power it authorizes constituted a delegation of authority to enact Local Law No. 6.
In my view, the question presented in this appeal was decided in Riegert Apts. Corp. v Planning Bd. (57 NY2d 206). On facts strikingly similar, we held that towns had no express or implied power to condition site approval on contributions of parkland or equivalent money payments, that Town Law § 277, which authorizes such exactions, dealt exclusively with approval of subdivision plats and that the Legislature had "carefully exclude[d]” similar authorization from Town Law § 274-a, which deals with site plan approval (see, Riegert Apts. Corp. v Planning Bd., supra, at 211). Moreover, we refused to imply the power even though section 274-a provided broadly *440 that when reviewing site plans Town Planning Boards could consider the "impact of the proposed use on adjacent land uses and such other elements as may reasonably be related to the health, safety and general welfare of the community” (supra, at 212).
Notwithstanding this decision, the majority hold that the Municipal Home Rule Law allows the Town to exercise power the Legislature has denied it. The majority recognizes that under Riegert the Town has not been delegated the power to exact parkland or equivalent money payments as a condition of site plan approval, but they hold that the two provisions are merely inconsistent and therefore section 274-a may be superseded. The local law is valid, they hold, because the supersession authority in Municipal Home Rule Law § 10 (1) (ii) (d) (3) augments the substantive powers delegated to the Town and authorizes the local legislation if some source of authority may be found in section 10 (1) (ii). They find such delegation in section 10 (1) (ii) (a) (12), dealing with police powers and (14), referring to powers contained in the Statute of Local Governments.[3] The reference to the Statute of Local Governments contained in subclause (14) refers to provisions which authorize towns to "adopt, amend and repeal zoning regulations” (Statute of Local Governments § 10 [6]) and perform "comprehensive or other planning work relating to its jurisdiction” (§ 10 [7]).
The general grant of police powers contained in section 10 (1) (ii) (a) (12) cannot expand zoning power beyond that expressly addressed in the general laws or the Statute of Local Governments (see generally, Matter of Bon-Air Estates v Building Inspector of Town of Ramapo, 31 AD2d 502, 504; 5 Rohan, Zoning and Land Use Controls §§ 35.01, 35.02 [3] [1989]). Insofar as the reference in section 10 (1) (ii) (a) (14) to the Statute of Local Governments is concerned, the power identified there (§ 10 [6], [7]) authorizes adoption of zoning "regulations” and performance of "planning work”. The authorization to adopt zoning "regulations”, not local laws, suggests that the *441 Legislature contemplated no more than enabling municipalities to individualize delegated powers to address local concerns. Moreover, section 10 of the Statute of Local Governments severely restricts the authority granted in its opening paragraph, providing that it is "at all times * * * subject to such purposes, standards and procedures as the legislature may have heretofore prescribed or may hereafter prescribe”. Considering the language of subdivision (6) and the limitation on the powers delegated by the section, subdivision (6) does not materially add to the powers of local governments in the zoning area beyond those already delegated in the Town Law (see, 1 Anderson, New York Zoning Law and Practice § 2.05 [3d ed]; Note, Home Rule Law and the New York Constitution, 66 Colum L Rev 1145, 1154).
In sum the majority finds that there is some undefined power delegated by section 10 (1) (ii) (d) (3) and section 10 (1) (ii) which authorizes Local Law No. 6. But if the power to adopt Local Law No. 6 is not to be found in the language of section 274-a because the Legislature "carefully exclude[d]” it, it seems clear the power cannot be extracted from the general language of the Municipal Home Rule Law. The majority cite no authority to support their analysis but merely urge that the construction promotes the purposes of section 274-a of the Town Law (see, majority opn, at 432). Rather than "promoting” the purposes of section 274-a, this decision completely overrides them permitting the Town to do precisely that which the Legislature chose to prevent it from doing.
The majority also rely upon the local impact of the problem to sustain their result. Surely, parks and playgrounds, and the cost and availability of land for them, are matters of local concern. But zoning and planning powers, as we have noted many times, have ramifications that transcend local interests and geographical boundaries (Riegert Apts. Corp. v Planning Bd., supra, at 213; Berenson v Town of New Castle, 38 NY2d 102, 111; see also, Matter of Town of Bedford v Village of Mt. Kisco, 33 NY2d 178, 192 [Breitel, J., dissenting]; Matter of Golden v Planning Bd., 30 NY2d 359, 383 [Breitel, J., dissenting]). As Chief Judge Cooke stated in Riegert when addressing this specific issue: "No reason is proffered why respondents here should have greater power to impose conditions on site plan approval than the other municipalities in the State. Such power would conflict with the legislative intent of providing a State-wide uniform scheme. Consequently, at least to the extent they conflict with the Town Law, respondents’ site *442 regulations should be deemed negated by the legislation enacting section 274-a” (57 NY2d, at 213).
The Town can purchase land and set it aside or it can zone land for park purposes in accordance with the powers delegated to it. But it cannot satisfy its parkland needs by conditioning site plan approval on donations of land or money from developers until the Legislature authorizes such action. If the Town can now impose this fee upon condominium developers, there is no logical reason why the town could not impose it on the apartment developers in Riegert or for that matter why a town could not impose such fees as a condition for site plan approval of single residences in the future.
The exercise of power delegated to municipalities without restriction to satisfy local needs is a matter of little concern to the State as a whole but the arrogation of undelegated power is quite another matter. When a State-wide interest has been established by a general law, a local government may not interfere with its operative effect (see, Matter of Marcus v Baron, 84 AD2d 118, 134-139 [dissent], reversed on dissenting opn 57 NY2d 862). The interpretation placed upon the Municipal Home Rule Law by the majority in this case not only interferes with State law on site plan approval, it gives municipalities virtually unconstrained authority to act on matters in which the State has granted them no authority. The local legislation need only be "inconsistent” with silent general laws on the subject and have local implications.
Accordingly, I concur in the court’s opinion for the reasons stated.
Chief Judge Wachtler and Judges Alexander, Titone and Bellacosa concur with Judge Kaye; Judge Simons concurs in a separate opinion in which Judge Hancock, Jr., concurs.
Order affirmed, with costs.

. The pertinent provisions of Municipal Home Rule Law § 10 (1) provide:
*437 "1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
"(i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government and,
"(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government
* * *
"d. A town:
* * *
"(3) The amendment or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law.” (Emphasis added.)

. The Statute of Local Governments was conceived as a vehicle to grant power to local governments other than those relating to "property, affairs or government” found in Municipal Home Rule Law § 10 (1) (i) (i.e., those enumerated in section 10 [1] [ii]) and to stabilize the grant by requiring two years to amend or repeal enumerated powers (see, Statute of Local Governments § 12). It has been said the statute achieved "no significant change in preexisting” law (see, Note, Home Rule and the New York Constitution, 66 Colum L Rev 1145,1152).

. "(a) A county, city, town or village:
* ** *
"(12) The government, protection, order, conduct, safety, health and well-being of persons or property therein. This provision shall include but not be limited to the power to adopt local laws providing for the regulation or licensing of occupations or businesses provided, however, that:
* * *
"(14) The powers granted to it in the statute of local governments.”