Requestor: Paul Schwartzberg, Esq., Town Planning Board Attorney Town of Patterson R.R. 2, Box 301 Patterson, New York 12563
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town planning board is authorized to require fire hydrants as a condition of subdivision approval.
Under section 277 of the Town Law, a planning board is authorized to condition the approval of proposed subdivisions upon the provision of various facilities. Included is the requirement that streets and highways in the proposed subdivision be of sufficient width and suitable grade and be suitably located to facilitate fire protection and to provide access of firefighting equipment to buildings. Also, the land shown on a proposed subdivision must be of such quality so that it can be used safely for building purposes without "peril from fire". Further, under section 277 water mains and fire alarm signal devices are to be installed in accordance with established standards.
In our view, section 277 of the Town Law indicates a clear purpose to regulate the establishment and laying out of housing subdivisions to protect these developments from the dangers of fire. While we believe that the authority of a planning board to condition subdivision approval upon the provision of fire hydrants is implicit in the above-cited provisions of section 277, a town by local law is authorized to amend or supersede the provisions of section 277 specifically to authorize the planning board to require fire hydrants as a condition of subdivision approval.
Kamhi v Town of Yorktown, 74 N.Y.2d 423 (1989), involved the review of a local law conditioning site plan approval on the provision of parkland or its money equivalent. In a previous decision, the Court of Appeals had found that section 274-a of the Town Law, the authority for a town planning board to approve site plans, did not authorize a planning board to condition site plan approval upon the provision of parkland or its money equivalent (Riegert Apartments Corp. v Planning Bd. of Town ofClarkstown, 57 N.Y.2d 206 [1982]). In Kamhi, the Court of Appeals decided that the Town of Yorktown's local law could be authorized under the provisions of Municipal Home Rule Law, § 10(1)(ii)(d)(3), the so-called supersession authority. That section provides that a town may amend or supersede, in its local application,
 "any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law".
The statute then lists exceptions from the supersession authority, none of which were applicable to the local law in issue. The Court of Appeals found that when municipalities act within their supersession authority, even local laws that are inconsistent with the Town Law may be valid. The Court noted that local law-making power under the supersession authority is subject to the State's transcendent interests where the Legislature has expressly prohibited the local law (such as the exceptions in Municipal Home Rule Law, § 10[1][ii][d][3]) or where a local law is otherwise preempted by State law.
 "By thus carving out a narrow, well-demarcated area of purely local concern where towns can within their Municipal Home Rule Law § 10 authority amend and even override provisions of the Town Law in their local applicability, the Legislature has recognized that situations may arise where laws of State-wide application are appropriately tailored by municipalities to fit their own peculiarly local needs" (Albany Area Builders Ass'n v Town of Guilderland, 74 N.Y.2d 372 [1989]).
Under the supersession authority, a town can amend or supersede a provision of the Town Law only to the extent to which it is authorized to adopt local laws under section 10 of the Municipal Home Rule Law. The Court of Appeals in Kamhi found a source of authority under section 10 for the local law of the Town of Yorktown. The Court found that section 10(1)(ii)(a)(12) vests towns with the police power to enact local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein. It found that this authorization affords a basis for local land use controls to meet the increasing encroachments of urbanization on the quality of life. Also, the Court referred to Municipal Home Rule Law, §10(1)(ii)(a)(14) which permits a town to adopt local laws to exercise the powers granted to it in the Statute of Local Governments. The Statute of Local Governments, § 10(6) gives towns power to adopt, amend and repeal zoning regulations.
Thus, in Kamhi the Court of Appeals found that a town, using its supersession authority may enact a local law amending or superseding provisions of the Town Law dealing with zoning and planning. Further, such supersession can be accomplished through use of the police power that has been granted to towns. Thus, it is clear that a town board may amend or supersede section 277 of the Town Law to authorize a planning board to condition subdivision approval upon the provision of fire hydrants in accordance with town standards.
In your letter, you have referred to Valeria Associates, L.P. v PlanningBoard of the Town of Cortlandt (Sup Ct, Westchester Co, 1990). In issue in Valeria was a condition imposed by the planning board upon cluster subdivision approval that residential fire sprinkler systems be installed in all buildings. The court reviewed the State authority for subdivision cluster development, including section 277 of the Town Law, and found that there is no explicit delegation of authority to control the development of buildings. Section 277 addresses roadways, parks, storm drains, water mains and other similar infra-structure considerations relating to land use.
The provision of fire hydrants is an element of the infra-structure relating to land use and thus is not within the holding of the court inValeria.
We conclude that a town planning board may condition the approval of proposed subdivisions upon the provision of fire hydrants in accordance with town standards.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.