■ TURTLE BAY TOWERS CORP., Respondent, v WELCO ASSOCIATES et al., Appellants. [643 NYS2d 95]

The IAS Court properly construed the definition of "total price" contained in Administrative Code of the City of New York § 26-702 (b) (1)—"the number of all shares in the offering multiplied by the last price per share which was offered to tenants in occupancy prior to the effective date of the plan regardless of number of sales made"—as the price in effect just prior to the effective date, and not, as defendants contend, as the

price in effect during the exclusive purchase period, *i.e.*, the so-called "insider's price". While defendants refer to the legislative history of the statute to buttress their claim that the "insider price" should have been used, the statutory language, "last price per share which was offered to tenants in occupancy prior to the effective date of the plan", is clear and unambiguous.

"A statute must be construed according to the ordinary meaning of its words (*Riegert Apts. Corp. v Planning Bd.*, 57 NY2d 206) and resort to extrinsic matter, such as the legislative history, is inappropriate when the statutory language is unambiguous and the meaning unequivocal (*Giblin v Nassau County Med. Center*, 61 NY2d 67; *Sega v State of New York*, 60 NY2d 183; *New Amsterdam Cas. Co. v Stecker*, 3 NY2d 1)." (*Matter of Daniel C.*, 99 AD2d 35, 41, *affd* 63 NY2d 927.)

We have examined the remaining contentions of defendants and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Nardelli and Mazzarelli, JJ.