OPINION OF THE COURT
Ute Wolff Lally, J.
*775 This motion by third-party defendant for summary judgment is denied.
The facts and procedural history of this action, originally assigned to Justice Kingston of this court (now deceased) and the Appellate Division were summarized in the order of this Justice dated October 11,1996, are deemed incorporated herein and will not be repeated except to the extent set forth below. In the main action plaintiff seeks a judgment declaring her the owner of a strip of land between her property and defendant’s property which she allegedly acquired by adverse possession. Defendant and third-party plaintiff Richard Sutter (Sutter) purchased the property in 1994 from third-party defendant Jeanne Walcutt (Walcutt) and in the third-party action he seeks to recover damages from her for an alleged breach of a covenant and other relief. Third-party defendant now moves for summary judgment dismissing the third-party complaint.
Sutter purchased the subject real property from Walcutt on June 14, 1994. Walcutt had lived in the house for some 30 years and alleges that she had no knowledge that the fence between her and her neighbor, the plaintiff, intruded into her property. She points out that testimony at depositions and at a prior hearing make it absolutely clear that she did not affirmatively "do” anything to encumber her property and had no actual knowledge of plaintiffs alleged adverse possession. She further argues that since she did not know a variation existed between her record line and the fence during her ownership of the property, Sutter’s action must be dismissed as a matter of law because to suffer a divestiture of part of her property in the context of the covenant necessarily implies actual knowledge.
In opposing summary judgment, Sutter contends that plaintiff can only succeed in establishing her adverse possession to the disputed strip of land if she can prove that Walcutt "did or suffered something” to permit adverse possession to ripen into ownership by plaintiff during her 30 years of ownership and that the covenant against grantor’s acts entitled Sutter to indemnification.
The deed transferring the property from Walcutt to Sutter was the usual bargain and sale deed with covenants against grantor’s acts, which covenant provides: "and the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.”
Generally, a conveyance by deed does not imply any covenants (Real Property Law § 251) and, as correctly pointed out *776 by Walcutt, the deed transferring her property to Sutter did not contain a covenant against encumbrances, only a covenant against grantor’s acts. Therefore, the issue to be decided is whether "to suffer” requires actual knowledge of an encumbrance as claimed by Walcutt.
Generally, a statute is to be construed according to the ordinary meaning of its words (Sega v State of New York, 60 NY2d 183; Riegert Apts. Corp. v Planning Bd., 57 NY2d 206) and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal (People v Graham, 55 NY2d 144). The Real Property Law has provided a section which defines and construes the language of covenants contained in instruments conveying real property. Real Property Law § 253 (6) construes the covenant against grantor’s acts as follows: "A covenant that the grantor 'has not done or suffered anything whereby the said premises have been incumbered,’ must be construed as meaning that the grantor has not made, done, committed, executed, or suffered any act or acts, thing or things whatsoever, whereby or by means whereof, the above mentioned and described premises, or any part or parcel thereof, now are, or at any time hereafter shall or may be impeached, charged or incumbered in any manner or way whatsoever.”
This court does not find persuasive the narrow construction of the phrase "to suffer” as argued by Walcutt in light of the word "whatsoever” and the phrase "in any manner or way whatsoever” which dictates a broad interpretation. The court rejects Walcutt’s argument that "sufferance” of an encumbrance requires actual knowledge as a matter of law. Knowledge can be imputed to a predecessor in title based upon her conduct regarding her property, her opportunity to observe what can be observed and her acts or failure to act in regard thereto. Inherent in the ownership of real property is a duty to be aware of matters affecting such property.
It should be noted that in the main action, in order to establish adverse possession, plaintiff must prove five elements, including that such possession was open and notorious (Van Valkenburgh v Lutz, 304 NY 95). Plaintiff has the burden of proof, by clear and convincing evidence, that, for at least the 10-year statutory period, there was actual occupation and that such possession was open, notorious, exclusive, actual, continuous and uninterrupted (Manhattan School of Music v Solow, 175 AD2d 106). The element of "open and notorious use” has been defined and treated under New York law as follows:
*777 "One of the requisites of adverse possession is that the possession of the disseisor be open and notorious, so that the real owner may, by the unequivocal acts of the disseisor or adverse claimant, have notice of the hostile claim and be thereby called upon to assert his legal title * * *
"It is the knowledge, either actual or imputable, of the possession or use of one’s land by another that affects the legal title thereto. Therefore, it is essential that the owner shall have notice of the adverse possession or use. If he has actual notice, that will be sufficient in itself. But where there has been no actual notice, it is necessary to show that the possession or use was so open, notorious, and visible as to warrant the inference that the owner must, or should, have known of it. The object of the requirement is that the real owner will have notice of the hostile claim or use and thereby be called upon to assert his legal title.” (2 NY Jur 2d, Adverse Possession, §§ 44-45.)
Therefore, her knowledge, to the extent it can be imputed, will be an issue of fact to be decided. Accordingly, third-party defendant’s motion for summary judgment is denied.